UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GRANDE WEST TRANSPORTATION INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> ABG DISTRIBUTION, LLC AND ALLIANCE BUS GROUP, INC., <br><br> Defendants. | CIVIL ACTION <br><br> CASE NO. _____ |

## **COMPLAINT AND JURY DEMAND**

Plaintiff Grande West Transportation International Ltd. ("Plaintiff" or "GW"), through its undersigned attorneys, hereby brings its Complaint against Defendants ABG Distribution, LLC ("ABG") and Alliance Bus Group, Inc. ("Alliance") and alleges as follows:

## **SUMMARY OF THE ACTION**

1.     GW seeks a declaratory judgment that a purported agreement between it and ABG is void because, at the time that the agreement supposedly was executed by ABG, ABG did not exist.

2.     On or about May 29, 2015, GW executed a document entitled Transit Bus Exclusive Distribution Agreement for the U.S.A. (the "Purported Agreement"), a copy of which is attached as Exhibit A.  The Purported Agreement stated that it was to be an agreement between GW and ABG.  It also called for countersignature by ABG.  However, the individuals who purported to act for ABG, including the person who supposedly countersigned on behalf of ABG, concealed from GW that ABG did not exist, as an entity, as of May 29, 2015. Indeed, ABG did not come into existence until March 5, 2021, when it was formed and organized for the sole purpose of attempting to assert claims under the Purported Agreement against GW.  GW, to its knowledge, has had no business dealings with ABG, and ABG never has performed under the Purported Agreement.  For these reasons, GW now seeks a declaratory judgment from this Court that, as a matter of law, the Purported Agreement is void and that GW owes no obligations to ABG thereunder.

3.     Separately, GW sues Alliance to recover for breach of a Purchase Order, dated October 1, 2017 (the "Purchase Order"), pursuant to which Alliance agreed to pay GW REDACTED                          A copy of the Purchase Order is attached as Exhibit B.  Alliance failed to make payment as required by the Purchase Order, resulting in a multi-million-dollar loss to GW.

## THE PARTIES

4.     GW is a company organized and existing under the laws of Canada with a principal place of business located in British Columbia, Canada.  It is in the business of, *inter alia*, manufacturing, assembling and selling buses and bus parts.

5.     Alliance is a corporation organized under the laws of Georgia with its principal place of business located in Clayton County, Georgia.  Alliance's business includes purchasing buses and bus parts from sellers and re-selling such buses and bus parts to its customers.

6.     ABG was formed on March 5, 2021 and thus did not, prior to that date, have any business operations.  ABG is a limited liability company organized under the laws of Georgia and shares the same Clayton County, Georgia, principal place of business address as Alliance, which previously represented that it, a Georgia corporation, would be the sole owner of ABG.  On the basis of these facts, GW alleges that ABG is a citizen and resident of Georgia.

## JURISDICTION AND VENUE

7.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between GW, on the one hand, and ABG and Alliance, on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 90(a)(4) and 1391(b) and (d).

## **FACTUAL BACKGROUND**

A.     <u>The Concealment of the Nonexistence of ABG as an Entity and its Formation for Purposes of Asserting Claims</u>

9.     On or about May 29, 2015, GW executed the Purported Agreement on the understanding that its proposed counterparty, ABG, was a valid legal entity in existence, had the power to enter into the Purported Agreement, and, indeed, would be able to fulfill commitments under the Purported Agreement.

10.     Through Section 11 of the Purported Agreement, ABG REDACTED

None of the foregoing was correct.

11.     Publicly filed Georgia state government records demonstrate that ABG did not come into existence until March 5, 2021, nearly six years after the May 29, 2015 date of the Purported Agreement.

12.     The Purported Agreement was executed by REDACTED

At the time of execution by REDACTED, neither REDACTED nor anyone acting on his behalf advised GW that ABG did not exist and/or that REDACTED

13.     The Purported Agreement, if it had become effective, would have required ABG, among other things, to REDACTED

. GW has not, to its knowledge, had any business dealings or transactions whatsoever with ABG, either before or since it was formed on March 5, 2021.

14.     Literally one busines day after ABG's formation, ABG sent a written notice to GW asserting that the terms of the Purported Agreement REDACTED

In connection with this notice, ABG failed: (a) to reveal that it only had come into existence the prior business day; (b) to

disclose that it did not exist when the person REDACTED

signed the Purported Agreement; and (c) despite its claim of breach by GW, to provide any explanation for its own failure to discharge its obligations—

REDACTED

B.    Alliance's Breach of the Purchase Order

15.    On or about August 1, 2017, Alliance, which is a separate entity from ABG, executed and submitted to GW the Purchase Order, which GW countersigned.  The Purchase Order neither refers to the Purported Agreement nor incorporates any terms set forth in the Purported Agreement.

16.    The Purchase Order required Alliance to purchase REDACTED from GW for REDACTED.

17.    Alliance did not make payment to GW as required by the Purchase Order.

18.    For each of the REDACTED that it had a right to sell to Alliance, GW would have earned a profit of REDACTED.  Thus, Alliance's failure to pay for the REDACTED covered by the Purchase Order resulted in lost profits to GW REDACTED

19.     At the time that Alliance reneged on its commitment to buy the <sup>REDACTED</sup>

GW already had manufactured REDACTED  Although GW made efforts

to sell the <sup>REDACTED</sup> to other buyers, it still suffered losses on these buses, in the

aggregate, of REDACTED   which is in addition to any profits GW would

have made had Alliance purchased them in accordance with the Purchase Order.

## <u>COUNT I</u>
## DECLARATORY JUDGMENT AGAINST ABG

20.     GW incorporates herein by this reference each and every averment

contained in paragraphs 1 through 19 of the Complaint.

21.     ABG has claimed that the Purported Agreement is valid and binding,

and it has threatened to assert claims against GW for breach of the Purported

Agreement.

22.     GW's position is, *inter alia*, that the Purported Agreement is void as a

matter of law.

23.     An actual, present and justiciable controversy has thus arisen between

GW and ABG.

24.     GW seeks a declaratory judgment from this Court that, as a matter of

law, the Purported Agreement is void.

## COUNT II
## BREACH OF CONTRACT AGAINST ABG (In the Alternative)

25.     GW incorporates herein by this reference each and every averment contained in paragraphs 1 through 24 of the Complaint.

26.     If the Court does not conclude that the Purported Agreement is void, GW asserts, in the alternative, that ABG has breached the Purported Agreement by:  REDACTED

27.     As a direct and proximate result of such breaches, GW has been damaged in an amount to be proven at trial but not less than $42,000,000.

## COUNT III
## BREACH OF CONTRACT AGAINST ALLIANCE

28.     GW incorporates herein by reference each and every averment contained in paragraphs 1 through 27 of the Complaint.

29.     The Purchase Order constitutes a contract between GW and Alliance.

30.     Alliance breached the Purchase Order by not paying REDACTED to GW for the buses covered by the Purchase Order.

31.     As a direct and proximate result of such breach, GW has been damaged in an amount to be proven at trial but not less than REDACTED

## JURY DEMAND

GW demands a jury trial on all issues so triable.

WHEREFORE, GW demands judgment be entered in favor of it as follows:

1.     On Count I, against ABG, for a declaratory judgment that the document entitled Transit Bus Exclusive Distribution Agreement for the U.S.A. dated May 29, 2015 executed by GW and REDACTED purportedly on behalf of ABG is void and that GW has no obligations thereunder.

2.     On Count II, against ABG, for compensatory and punitive damages in such amount as may be awarded at trial.

3.     On Count III, against Alliance, for compensatory and punitive damages in such amount as may be awarded at trial.

4.      For such other and further relief as the Court may deem proper, including an award of interest, attorneys' fees and costs.

This 20th day of May, 2021.

/s/ Scott E. Morris
Scott E. Morris
Georgia Bar No. 004782
Holt Ney Zatcoff & Wasserman, LLP
100 Galleria Parkway, Suite 1800
Atlanta, Georgia 30339
Phone: (770) 956-9600
Fax: (770) 956-1490
smorris@hnzw.com

David Gordon
(Pro hac vice application to be submitted)
Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Phone: (212) 509-3900
Fax: (212) 509-7239
dbg@msk.com

Theresa Bowman
(Pro hac vice application to be submitted)
Mitchell Silberberg & Knupp LLP
1818 N. Street NW, 7th Floor
Washington, DC 20036
Phone: (202) 470-2752
Fax: (202) 355-7899
tbb@msk.com

*Attorneys for Plaintiff*

# EXHIBIT A

## Purported Transit Bus Exclusive
## Distribution Agreement for the U.S.A.

# REDACTED

EXHIBIT A
PAGE 1 OF 21

# REDACTED

2

# REDACTED

~#4823-7736-3491 v.3~

# REDACTED

4

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 5 OF 21

# REDACTED

6

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 7 OF 21

# REDACTED

8

# REDACTED

9

# REDACTED

10

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 11 OF 21

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 12 OF 21

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 13 OF 21

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 14 OF 21

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 15 OF 21

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 16 OF 21

# REDACTED

# REDACTED

# REDACTED

# REDACTED

~#4823-7736-3491 v.3~

EXHIBIT A
PAGE 20 OF 21

# REDACTED

EXHIBIT A
PAGE 21 OF 21

# EXHIBIT B

# Purchase Order



*Along for the Whole Ride*

**Alliance Bus Group**
1926 Hyannis Court, Atlanta, Georgia, 30337
DougDunn@AllianceBusGroup.com| 770.305.0075 Direct

### Purchase Order

PO #:    A20181101 Dunn

**Bill To:**

**Alliance Bus Group**
1926 Hyannis Court, Atlanta, Georgia, 30337

Date:    October 1, 2017

**Ship To:**

**Alliance Bus Group**
1926 Hyannis Court, Atlanta, Georgia, 30337

Purchase Order Issued To:    **Grande West Transportation International Ltd.**
26180 31B Avenue
Aldergrove B.C.
Canada

Purchase Order Details:

REDACTED    ordered with the following conditions:

REDACTED    starting delivery in January 2018

Specifications and pricing as per published ABG pricing

Terms net 80 days from shipping bill of lading

Total Order REDACTED

Total $ REDACTED

CONFIRMATION OF ORDER ACKNOWLEDGEMENT

Purchase Order Issued By:

Alliance Bus Group

Purchase Order Acknowledgment Confirmed:

per

Company Name: Grande West Transportation

Date:    OcT    1    2017

EXHIBIT B
PAGE 1 OF 1